■ EARL BLASCH et al., Respondents, v CHRYSLER MOTORS CORPORATION et al., Appellants, and RAYMOND WEIGEL et al., Respondents, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered March 17, 1980 in Albany County which denied defendants' motion for a change of venue pursuant to CPLR 510 (subd 3). This action for wrongful death and personal injuries arises out of an automobile accident which occurred in Erie County, when the vehicle driven by plaintiff Earl Blasch was struck in the rear by a vehicle driven by defendant Gary Paone. After the action had been commenced in Albany County, where plaintiffs resided, defendants Chrysler Motors Corporation and Chrysler Corporation (Chrysler) moved, pursuant to CPLR 510 (subd 3), for a change of venue to Erie County on the grounds that the convenience of the material witnesses and the ends of justice would be promoted by the change. Plaintiffs, as well as defendants Weigel, opposed the motion. Special Term, noting that a case requires approximately 32 months to be reached in Erie County as compared to 12 months in Albany County, denied the motion. This appeal ensued. Defendants Chrysler, while conceding that there would be a speedier trial in Albany County, contend that Special Term improvidently denied their motion since the instant action arose in Erie County and most of the material witnesses reside in Erie County. A motion such as this is addressed to the sound discretion of Special

Term whose discretion will not be disturbed on appeal unless it is clearly shown to be an abuse of discretion *(Hurlbut v Whalen,* 58 AD2d 311, 315-316, mot for lv to app den 43 NY2d 643). In our view, in the factual circumstances of this matter, Special Term did not abuse its discretion and its decision should not be disturbed (see *Edwards v Lamberta,* 42 AD2d 1003). Order affirmed, with costs to plaintiffs. Kane, J. P., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.