[659 NYS2d 254]

In the Matter of JEFFREY L. LESSOFF (Admitted as JEFFREY LEWIS LESSOFF), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 10, 1997

### APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Michael S. Ross* of counsel *(LaRossa, Mitchell & Ross,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Jeffrey L. Lessoff was admitted to the practice of

law by the Second Judicial Department on March 28, 1984, as Jeffrey Lewis Lessoff, and at all times relevant to this proceeding he has maintained an office for the practice of law in the First Judicial Department. The Departmental Disciplinary Committee (the Committee) now moves to confirm the findings of fact made after the hearing as well as the Hearing Panel's conclusions of law, and for the imposition of not less than a suspension from the practice of law for one year.

In March of 1993, respondent was charged in Supreme Court, Kings County, in a 23-count indictment, with the knowing submission of false medical reports to insurance companies and to litigation adversaries in connection with seven personal injury cases. He pleaded guilty, on May 17, 1994, to one count, in connection with one client, of attempting to falsify business records in the second degree in violation of Penal Law §§ 110.00 and 175.05, a class B misdemeanor. Respondent then notified the Committee of his conviction. By order entered December 21, 1994, we granted the Committee's petition to deem this offense a "serious crime" and referred the matter to the Committee to conduct a hearing and recommend a sanction. Upon respondent's consent, the scope of the hearing was expanded to include additional acts of misconduct not encompassed by the conviction. As a result, he was charged with 12 violations of the Code of Professional Responsibility, arising from misconduct involving six clients, to wit: DR 1-102 (A) (4) (22 NYCRR 1200.3) (conduct involving dishonesty, fraud, deceit or misrepresentation) and DR 1-102 (A) (7) (now [8]) (conduct adversely reflecting on respondent's fitness to practice law). After the hearing, the Hearing Panel sustained all charges as to five clients, dismissed the charges as to the remaining client, and recommended a one-year suspension. By petition dated January 17, 1997, the Committee moved to confirm the Hearing Panel's findings of fact and conclusions of law. By cross motion dated March 14, 1997, respondent moved to disaffirm these findings, except as to the charges arising directly from his conviction, and sought to reopen the hearing to consider excluded polygraph evidence or, in the alternative, for the lesser sanction of public censure.

Since the results of polygraph testing are not admissible evidence in New York (*People v Scott*, 88 NY2d 888), we find no basis to disturb the Hearing Panel's exclusion of this evidence. Although respondent called six character witnesses and submitted numerous letters attesting to his purportedly good

character, this is not respondent's first reprimand by the Committee; respondent received a Letter of Admonition in 1990 for improperly contacting a party whom he knew to be represented, in violation of DR 7-104 (A) (1) (22 NYCRR 1200.35). Moreover, considering the seriousness of cases of insurance fraud involving attorneys in personal injury actions, and the extent of respondent's misconduct, we find the sanction recommended by the Committee to be insufficient. We impose a three-year suspension as an appropriate sanction for these violations.

Accordingly, the Committee's motion is granted, except as herein stated, respondent's motion is denied, and respondent is suspended from the practice of law for a period of three years.

SULLIVAN, J. P., MILONAS, WALLACH, TOM and ANDRIAS, JJ., concur.

Motion granted to the extent of confirming the Hearing Panel's findings of fact and conclusions of law, and disaffirmed as to the recommended sanction; and respondent is suspended from the practice of law in the State of New York for a period of three years, effective August 11, 1997, and until the further order of this Court. Respondent's cross motion, *inter alia,* to disaffirm the report, is denied in its entirety.