■ Cara Huck, Individually and as Parent and Natural Guardian of Erica Huck, an Infant, Appellant, v City of New-burgh et al., Respondents. [712 NYS2d 149] —In an action, *inter alia,* to recover damages for a violation of civil rights pursuant

to 42 USC § 1983, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Orange County (Murphy, J.), dated June 9, 1999, as, upon the denial of that branch of her motion which was for judgment as a matter of law on the issue of liability made at the close of evidence with respect to the cause of action to recover damages pursuant to 42 USC § 1983, and upon a jury verdict, is in favor of the defendants and against her dismissing that cause of action.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the cause of action to recover damages pursuant to 42 USC § 1983 insofar as asserted against the defendant City of Newburgh and substituting therefor a provision granting the plaintiff's motion for judgment as a matter of law on the issue of liability on that cause of action insofar as asserted against that defendant, and the action against the remaining defendants is severed; as so modified, the judgment is affirmed insofar as appealed from, with costs to the appellant, and the matter is remitted to the Supreme Court, Orange County, for a trial on the issue of damages.

The plaintiff alleged that she was improperly strip-searched in a police station in the City of Newburgh. Strip-searches of arrestees charged with misdemeanors or other minor offenses violate the Fourth Amendment to the United States Constitution unless there is a reasonable suspicion that the arrestee is concealing weapons or contraband based on the crime charged, and the circumstances of the arrest (*see, Walsh v Franco,* 849 F2d 66; *Weber v Dell,* 804 F2d 796, *cert denied sub nom. County of Monroe v Weber,* 483 US 1020; *Masters v Crouch,* 872 F2d 1248, *cert denied sub nom. Frey v Masters,* 493 US 977; *Ward v County of San Diego,* 791 F2d 1329, *cert denied sub nom. Duffy v Ward,* 483 US 1020). Moreover, municipalities are "persons" to whom 42 USC § 1983 applies (*see, Monell v Department of Social Servs. of City of N. Y.,* 436 US 658, 690), and they may be held liable if an official policy causes an employee to violate another's constitutional rights (*see, Monell v Department of Social Servs. of City of N. Y., supra,* at 690).

In the instant case, the plaintiff was arrested for possessing an unlicensed dog, a violation of the City of Newburgh Code. Upon her arrest, she was taken to the police station where a matron searched her. A witness for the City of Newburgh testified that the plaintiff was asked to remove all her outer garments, and while her underwear was still on, she was asked to lift her bra and expose her breasts. The search was made pursuant to an official policy that provided for the strip-search of

all arrestees detained in a cell. The record further indicates that neither the arresting officer nor the matron suspected that the plaintiff possessed any weapons or other contraband. Thus, the search was unreasonable and in violation of the plaintiff's Fourth Amendment rights, and the City of Newburgh is liable under 42 USC § 1983. Therefore, the Supreme Court erred in denying the plaintiff's motion for a judgment as a matter of law against the City (*see, e.g., Walsh v Franco, supra; Weber v Dell, supra; Masters v Crouch, supra; Ward v County of San Diego, supra*), and we have modified the judgment accordingly.

The plaintiff's remaining contention is without merit. Ritter, J. P., Thompson, Krausman and Goldstein, JJ., concur.