SAMUEL D. ROSEN, Appellant, v EVELYN HANRAHAN, Defendant, and SUSAN HANRAHAN et al., Respondents. [768 NYS2d 818]—

Orders, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about December 9, 2002, which, to the extent appealable, inter alia, granted defendants' motion and cross motion to the extent of dismissing the complaint as against defendants Ostrow and Brown and dismissing plaintiff's second and third causes as against the Hanrahan defendants, severing plaintiff's remaining causes and transferring the action to Suffolk County, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about July 11, 2003, which, upon the partial grant of reargument, granted plaintiff's previously denied motion to disqualify Peter Galasso, Esq. and his law firm from representing either of the Hanrahan defendants, unanimously dismissed, without costs, since no appeal lies from that portion of the order denying reargument and plaintiff is not aggrieved from that portion of the order granting his disqualification motion.

Plaintiff's second and third causes of action for malicious prosecution and abuse of process, respectively, were properly dismissed since, inter alia, the allegedly wrongfully commenced proceeding against plaintiff upon which his malicious prosecution claims are premised was not terminated in his favor and plaintiff cannot demonstrate that the complained-of proceeding was initiated without probable cause (*see Belsky v Lowenthal*, 62 AD2d 319, 321 [1978], *affd* 47 NY2d 820 [1979]), and since plaintiff is demonstrably unable to show that process was utilized against him, without excuse or justification, to obtain a collateral objective (*see Curiano v Suozzi*, 63 NY2d 113, 116 [1984]).

Inasmuch as the principal issues raised in connection with plaintiff's remaining causes, for breach of contract, unjust enrichment and conversion, will be adjudicated in the context of the matrimonial action between plaintiff and Susan Hanrahan Rosen and other litigation pending in Suffolk County, where the disputed property and certain material police witnesses are situated (*see Katz v Goodyear Tire & Rubber Co.*, 116 AD2d 506, 508 [1986]), we perceive no basis to disturb the motion court's determination to change the action's venue to Suffolk County (*see Blasch v Chrysler Motors Corp.*, 84 AD2d 894, 895 [1981]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Buckley, P.J., Andrias, Sullivan, Friedman and Gonzalez, JJ.