TYRONE SHIELDS et al., Appellants, v CITY OF NEW YORK et al., Respondents. [35 NYS3d 330]—

Order, Supreme Court, Bronx County (Ruben Franco, J.), entered on or about August 20, 2015, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiffs' claims for false arrest, false imprisonment, malicious prosecution, abuse of process, and assault and battery at their apartment and while entering the police van, unanimously affirmed, without costs.

Defendants made a prima facie showing of probable cause supporting the issuance of the search warrant for plaintiffs' apartment, and plaintiffs failed to raise a triable issue of fact (*see Delgado v City of New York*, 86 AD3d 502, 507 [1st Dept 2011]). The search warrant was issued as the result of an investigation during which a registered confidential informant made three confirmatory purchases of marijuana in plaintiffs' apartment during the week before the issuance of the warrant. A detective and an assistant district attorney submitted affidavits explaining why a search warrant was needed, and the confidential informant gave sworn testimony before the Magistrate that issued the warrant. Under these circumstances, there was no need to satisfy the *Aguilar-Spinelli* test (*see id.*).

Defendants also made a prima facie showing of probable cause for plaintiffs' arrest, by submitting evidence, including documentary evidence, showing that a total of 37 bags of marijuana were recovered from plaintiffs' bedrooms during the search (*see People v Baker*, 20 NY3d 354, 359 [2013]). Plaintiffs' conclusory denials do not suffice to raise triable issues of fact (*see Silver v Silver*, 17 AD3d 281, 281 [1st Dept 2005]). The existence of probable cause constitutes a complete defense to plaintiffs' causes of action for false arrest, false imprisonment, and malicious prosecution (*see Lawson v City of New York*, 83 AD3d 609, 609 [1st Dept 2011], *lv dismissed* 19 NY3d 952 [2012]). Since plaintiffs point to no evidence that defendants were motivated by some collateral objective, the existence of probable cause likewise constitutes a defense to plaintiffs' cause of action for abuse of process (*see Rosen v Hanrahan*, 2 AD3d 352, 353 [1st Dept 2003], *lv denied* 3 NY3d 605 [2004]).

Plaintiffs have shown that there are triable issues of fact as to whether assault and battery was committed by the defendants when they conducted strip searches of the plaintiffs. The mere fact that someone has been arrested and taken into custody "does not justify police intrusion into a person's body" (*People v Hall*, 10 NY3d 303, 307 [2008], citing *Schmerber v California*, 384 US 757, 769-770 [1966]). A strip search of an arrestee charged with a misdemeanor or other minor offense violates the Fourth Amendment to the United States Constitution unless there is a reasonable suspicion that the arrestee is concealing weapons or contraband (*Huck v City of Newburgh*, 275 AD2d 343, 344 [2d Dept 2000], *lv dismissed* 95 NY2d 929 [2000]). As there is no showing of concealment of weapons or contraband by the plaintiffs in this case, the court below correctly denied the defendants' motion as to the third and tenth causes of action alleging assault and battery.

As the plaintiffs have failed to show the existence of questions of fact as to their claims under 42 USC § 1983, the sixth and thirteenth causes of action were properly dismissed by the court below.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Sweeny, J.P., Acosta, Feinman, Kapnick and Kahn, JJ. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆