17-2300-cv
Tuccillo v. County of Nassau

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of May, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
                      *Circuit Judges*.
             RICHARD J. SULLIVAN,[1]
                      *District Judge*.

_____

ROY S. TUCCILLO,

                              *Plaintiff-Appellant*,

             v.                                              17-2300-cv

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, DETECTIVE JOHN R. CAPECE, in his
individual and official capacity, DETECTIVE DONALD
BITTNER, in his individual and official capacity,
POLICE OFFICER WILLARD S. GOMES, in his
individual and official capacity, POLICE OFFICERS
JOHN DOE 1-10, in their official and individual
capacities, NASSAU COUNTY OFFICE OF THE
DISTRICT ATTORNEY,

                              *Defendants-Appellees*,

_____

[1] Judge Richard J. Sullivan, United States District Court for the Southern District of New York, sitting by designation.

RICHARD TOBIN,

*Defendant.*[2]

_____

Appearing for Appellant:     Richard Michael Langone, Garden City, N.Y.

Appearing for Appellees:     Christi M. Kunzig, Deputy County Attorney (Robert F. Van der Waag, Appeals Bureau Chief, Deputy County Attorney, *on the brief*), *for* Jared A. Kasschau, Nassau County Attorney, Mineola, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Wexler, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **REVERSED**.

Plaintiff-Appellant Roy Tuccillo appeals from a June 29, 2017 judgment entered by the United States District Court for the Eastern District of New York (Wexler, *J.*), dismissing his civil rights suit, brought after his arrest following a road rage incident. The district court ruled from the bench at the close of evidence following three days of trial testimony. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo a district court's decision to grant judgment as a matter of law at the close of trial, without submitting the case to the jury. *See Cash v. Cty. of Erie*, 654 F.3d 324, 332-33 (2d Cir. 2011). Such a judgment is only appropriate if, "viewed in the light most favorable to the nonmoving party, the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable [persons] could have reached." *Leopold v. Baccarat, Inc.*, 174 F.3d 261, 267 (2d Cir. 1999) (internal quotation marks); *see also* Fed. R. Civ. P. 50(a).

As relevant here, Tuccillo brought Section 1983 and state law claims, false arrest, malicious prosecution, and abuse of process. His federal and state law claims have substantially the same elements, and thus we consider them together. *See Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (false arrest); *Dufort v. City of New York*, 874 F.3d 338, 350 (2d Cir. 2017) (malicious prosecution); *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994) (abuse of process). Further, each might be defeated by a finding of probable cause. "The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." *Jenkins*, 478 F.3d at 84 (internal quotation marks omitted). Similarly, absence of probable cause for prosecution is an element of a malicious prosecution claim, and thus probable cause provides a complete defense to that claim as well. *See Dufort*, 874 F.3d at 351. However, we are careful to note that "[t]he existence ... of probable cause in a malicious prosecution suit is ... determined ... as of the time prosecution is commenced." *Rothstein v. Carriere*, 373 F.3d 275, 292 (2d Cir. 2004). Further, "[t]he probable cause standard in the malicious prosecution context

_____

[2] The Clerk is respectfully directed to amend the caption as above.

is slightly higher than the standard for false arrest cases." *Stansbury v. Wertman*, 721 F.3d 84, 95 (2d Cir. 2013). In *Mangino v. Inc. Vill. of Patchogue*, we noted that "[t]here has been considerable confusion within our Circuit regarding whether probable cause is a complete defense to a claim of abuse of process under New York law," but declined to resolve the question. 808 F.3d 951, 958 (2d Cir. 2015). New York state courts have subsequently held that probable cause will defeat an abuse of process claim under at least some circumstances. *See Shields v. City of New York*, 35 N.Y.S.3d 330, 331 (1st Dep't 2016).

Here, the district court reasoned that authorities had probable cause to assert Tuccillo, but made this decision by improperly weighing the credibility of the witnesses. Specifically, the district court reasoned that Tuccillo and Tobin, the other man involved in the road rage incident, were both "liars," while accepting an arresting officer's testimony regarding his description of how he decided to arrest Tuccillo at the scene. These were prototypical credibility determinations, and, as a result, should have been made by the jury. *See Leopold*, 174 F.3d at 267. Nor do we see an independent basis to find probable cause as a matter of law. The jury might well have discounted testimony from the officers, and found that they were improperly biased to arrest Tuccillo after Tobin called a police chief he knew, and had the chief speak with an officer at the scene. The jury might further have found that the officers failed to take a statement from a witness at the scene, who corroborated Tuccillo's story, because of this bias. On this record, the question of probable cause to arrest should have gone to the jury. *See Mitchell v. City of New York*, 841 F.3d 72, 77-78 (2d Cir. 2016) (jury properly decides question of probable cause where officer may have based arrest on "unreasonable" view of the facts that was formed without "serious efforts" to investigate).

Accordingly, the judgment of the district court hereby is REVERSED and REMANDED for further proceedings not inconsistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk