Salcedo v City of New York (2022 NY Slip Op 00523)





Salcedo v City of New York


2022 NY Slip Op 00523


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Acosta, P.J., Renwick, Moulton, Scarpulla, Higgitt, JJ. 


Index No. 303627/14 Appeal No. 15150 Case No. 2020-03201 

[*1]Santos Marte Salcedo et al., Plaintiffs-Appellants,
v City of New York et al., Defendants-Respondents, Officers Whose Names Are Yet Unknown, et al., Defendants.


The Wagstaff Firm, P.C., White Plains (Willian O. Wagstaff III of counsel), for appellants.
Georgia M. Pestana, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about May 18, 2020, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the causes of action for false arrest, false imprisonment, and malicious prosecution, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiffs were arrested following defendants' execution of a search warrant at the multi-family house, where they resided in one of the three apartments. The search warrant encompassed both plaintiffs' first-floor apartment and the basement apartment. Defendant Det. Ramos testified that firearms and narcotics were recovered from an armoire in the bedroom of plaintiffs' apartment; defendant Det. Carroll testified similarly. However, defendant Det. Fleming did not recall where the firearms and narcotics were recovered from, despite having been responsible for vouchering the narcotics and other items recovered during the search. Only one of the vouchers specifies that currency was recovered from the armoire in the bedroom of plaintiffs' apartment; none of the other vouchers, including the firearms and narcotics vouchers, specifies the location from which the items were recovered.
Plaintiffs, in effect, denied ever having weapons or drugs in their apartment. Plaintiff Salcedo — who had been stopped and detained by officers outside the house prior to the execution of the search warrant — testified that officers initially tried to make him admit to owning weapons and drugs recovered from the basement apartment, and that, after he repeatedly denied any connection to the basement apartment, they threatened to arrest his wife, plaintiff DeMarte, unless he confessed to having weapons and drugs in his and DeMarte's apartment. Similarly, DeMarte — who was home when the search warrant was executed, but was taken by an officer to a common area outside the apartment while it was being searched — testified that officers promised not to arrest her if she told them what she knew about weapons and drugs in her and Salcedo's apartment and that she was arrested when she said that she did not know anything.
The motion court properly declined to consider the results of Salcedo's polygraph, which found no indications of deception, in opposition to defendants' motion (see Matter of Harris v Novello, 276 AD2d 848, 850 [3d Dept 2000], citing Matter of Lessoff, 231 AD2d 229, 230 [1st Dept 1997], appeal dismissed 90 NY2d 930 [1997]; King Victor Taxi Corp. v New York City Taxi & Limousine Commn., 236 AD2d 325, 326 [1st Dept 1997]).
Nevertheless, viewing the facts in the light most favorable to plaintiffs and drawing every available inference in their favor, as we must on this motion (Medina-Ortiz v Seda, 157 AD3d 499 [1st Dept 2018]), we find that on this record the parties' conflicting evidence presents issues of fact as to whether defendants falsified their recovery of the weapons and narcotics from [*2]plaintiffs' apartment and therefore whether defendants had probable cause to arrest plaintiffs (see De Lourdes Torres v Jones, 26 NY3d 742, 761-762, 767-768, 771 [2016]). The vouchers for the weapons and narcotics do not eliminate the issues of fact as to falsification, because they do not indicate where the vouchered items were recovered from, unlike the documentary evidence in Hunter v City of New York (169 AD3d 603 [1st Dept 2019]) and Shields v City of New York (141 AD3d 421 [1st Dept 2016]), cases on which defendants rely.
Moreover, because plaintiffs' claims are based on their arrest only, and not on the search of their home, defendants' insistence that they had probable cause to execute the search warrant is irrelevant (see generally 2 Wayne R. LaFave, Search and Seizure § 3.1[b] [6th ed 2021] ["Nor can it be said that probable cause for a search warrant would necessarily justify an arrest. Each requires a showing of probabilities as to somewhat different facts and circumstances"]). While the subsequent indictment of Salcedo by a grand jury creates a (rebuttable) presumption of probable cause with respect to his malicious prosecution claim (see Colon v City of New York, 60 NY2d 78, 82 [1983]), the presumption is rebuttable(De Lourdes Torres v Jones, 26 NY3d at 761-762), and
"[a]fter the fact judicial participation cannot validate an unlawful arrest" (Broughton v
State of New York, 37 NY2d 451, 456, 458 [1975], cert denied sub nom. Schanbarger v Kellogg, 423 US 929 [1975]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022