21-923
*DuBois v. Cunningham*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand twenty-two.

PRESENT:
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

TIMOTHY DUBOIS,

> *Plaintiff-Appellee,*

v.                                                                          No. 21-923

POLICE OFFICER JAHMAR CUNNINGHAM, individually and in his capacity as police officer employed by the City of White Plains,

> *Defendant-Appellant.*[*]

_____

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**FOR DEFENDANT-APPELLANT**:   Paul E. Svensson, Hodges Walsh & Burke, LLP, White Plains, NY.

**FOR PLAINTIFF-APPELLEE**:   Christopher W. McClure, The Law Firm of William G. Sayegh, P.C., Carmel, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **REVERSED**.

Defendant-Appellant Jahmar Cunningham, a White Plains police officer, brings this interlocutory appeal from an order of the district court denying his motion for summary judgment based on qualified immunity as to Plaintiff-Appellee Timothy DuBois's claims under 42 U.S.C. § 1983 for false arrest and abuse of process.   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"Orders denying summary judgment are generally not immediately appealable 'final decisions' under 28 U.S.C. § 1291."   *Bolmer v. Oliveira*, 594 F.3d 134, 140 (2d Cir. 2010).   "Under the collateral order doctrine, however, the denial of a qualified-immunity-based motion for summary judgment is immediately appealable to the extent that the district court has denied the motion as a matter of

law, although not to the extent that the defense turns solely on the resolution of questions of fact." *Jones v. Parmley*, 465 F.3d 46, 54 (2d Cir. 2006) (citation omitted). "Where factual disputes persist, we may exercise appellate jurisdiction only for the limited purpose of deciding whether, on the basis of stipulated facts[] or on the facts that the plaintiff alleges are true[,] . . . the immunity defense is established as a matter of law." *Terebesi v. Torreso*, 764 F.3d 217, 229 (2d Cir. 2014) (internal quotation marks omitted). "Against this backdrop, we review de novo a district court's denial of a summary judgment motion based on a defense of qualified immunity." *Jones*, 465 F.3d at 55.

In June 2014, federal officers intercepted a package of heroin that had been mailed from India and addressed to Onam Andrews at 11 Fisher Avenue, Apt. 3D, White Plains, New York. The White Plains Police Department, along with federal agents from the U.S. Drug Enforcement Administration (the "DEA") and the U.S. Postal Service (the "USPS"), staged a controlled delivery of the package, in which USPS Inspector Yui Chow was assigned to carry out the delivery while a response team of law enforcement officers waited outside. Once a suspect signed for the package, Inspector Chow was to give a signal to White Plains Police Sergeant Anthony Kressevich, who would then authorize the response team to approach.

On June 5, 2014, Inspector Chow, dressed as a mail carrier, parked a postal truck outside of the apartment building at 11 Fisher Avenue and proceeded to Apartment 3D. Inspector Chow rang the doorbell, and a man – who would later be identified as Stephen Williams – answered the door. Williams identified himself as "Onam Andrews," the addressee on the package. Inspector Chow told Williams that he had a package downstairs and asked Williams to come down to the postal truck to sign for it. After being told that the package was from India, Williams said that he could not go downstairs because he had hurt his ankle.

DuBois then came out of the apartment and agreed that he, rather than Williams, would accompany Inspector Chow downstairs to get the package. The parties dispute whether DuBois also identified himself as "Onam Andrews," but agree that DuBois followed Inspector Chow downstairs to the postal truck. Inspector Chow then handed DuBois a delivery slip for the package, which DuBois signed using the name "George Andrews." The parties also dispute whether DuBois then took the package from Inspector Chow, but agree that DuBois was detained and handcuffed by DEA agents shortly after signing the delivery slip.

After DuBois was already in handcuffs, Officer Cunningham arrived on the scene and "debriefed Inspector Chow, who advised him that Mr. DuBois had

4

substituted for Mr. Williams and took possession of the package."   App'x at 819.
Officer Cunningham searched the apartment pursuant to a search warrant and then, at Sergeant Kressevich's direction, prepared a felony complaint charging DuBois with attempted drug possession.   Eventually, Williams accepted full responsibility for the package, and all charges against DuBois were dismissed. DuBois then commenced this action against Officer Cunningham, White Plains Detective James Tassone, and the City of White Plains.

The parties cross-moved for summary judgment, and the district court granted summary judgment in favor of the defendants on all claims except the false-arrest claims under state and federal law against Officer Cunningham, and the abuse-of-process claim against both Officer Cunningham and Detective Tassone.[1]   The district court found that there was a genuine dispute of material fact as to whether probable cause supported DuBois's arrest because DuBois denies that he ever identified himself as "Onam Andrews" or took possession of the package.   The district court therefore denied summary judgment as to both the false-arrest claims and – to the extent it was predicated on the filing of the felony complaint – the abuse-of-process claim.   The district court further

---

[1] Detective Tassone has not appealed from the district court's ruling.   *See* Doc. No. 1.

determined that, based on the same factual disputes, Officer Cunningham was not entitled to qualified immunity.[2]

"[T]he doctrine of qualified immunity shields both state and federal officials from suit 'unless (1) the official violated a statutory or constitutional right that (2) was clearly established at the time of the challenged conduct.'" *Terebesi*, 764 F.3d at 230 (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)) (alterations omitted). It is undisputed that "[t]he right not to be arrested without probable cause is a clearly established right." *Lee v. Sandberg*, 136 F.3d 94, 102 (2d Cir. 1997). "Probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (citation and alterations omitted). Under both New York law and section 1983, probable cause "is a complete defense to an action for false arrest." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citation omitted).

---

[2] The district court addressed qualified immunity only as to the false-arrest claim, determining that the defendants had not adequately explained how qualified immunity would bar the abuse-of-process claim.

But "[e]ven if probable cause to arrest is ultimately found not to have existed, an arresting officer will still be entitled to qualified immunity from a suit for damages if he can establish that there was 'arguable probable cause' to arrest." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004). "Arguable probable cause exists when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed." *Cerrone v. Brown*, 246 F.3d 194, 202–03 (2d Cir. 2001) (internal quotation marks omitted).[3] In deciding whether Officer Cunningham is entitled to qualified immunity, we are mindful that qualified immunity shields "all but the plainly incompetent or those who knowingly violate the law." *Walczyk v. Rio*, 496 F.3d 139, 154 (2d Cir. 2007) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

---

[3] "[U]nder both New York and federal law, summary judgment dismissing a plaintiff's false[-]arrest claim is appropriate if the undisputed facts indicate that the arresting officer's probable cause determination was objectively reasonable." *Jenkins*, 478 F.3d at 88.

Here, the undisputed facts support a finding of arguable probable cause.[4]

Officer Cunningham, who was part of the response team, was authorized to approach the scene by his supervising officer, Sergeant Kressevich. By the time Officer Cunningham arrived on the scene, DuBois was already in handcuffs. Officer Cunningham knew that the controlled delivery package contained narcotics. He was then told by Inspector Chow that DuBois "had substituted for Mr. Williams and took possession of the package." App'x at 819.

Under these circumstances, "an officer 'of reasonable competence' *could have* concluded that the arrest was justified by probable cause." *Figueroa v. Mazza*, 825 F.3d 89, 99 (2d Cir. 2016) (emphasis added). While DuBois disputes a critical fact – whether he ever took possession of the package – it is *un*disputed that Officer Cunningham was told by Inspector Chow that DuBois *had* taken the package, which Officer Cunningham knew held drugs. Even if Inspector Chow's statements turned out to be inaccurate, "probable cause exists even where it is based upon mistaken information, so long as the arresting officer was reasonable

---

[4] DuBois's false-arrest claims are premised on his assertion that Officer Cunningham "made the decision to formally arrest Plaintiff." App'x at 818. Officer Cunningham disputes this claim, arguing that DuBois was already under arrest by the time he arrived on the scene. The Court need not decide this issue, however, because even accepting DuBois's argument that Officer Cunningham arrested DuBois, we conclude that any such arrest was supported by arguable probable cause, entitling Officer Cunningham to qualified immunity.

8

in relying on that information." *Bernard v. United States*, 25 F.3d 98, 103 (2d Cir. 1994); *see also Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) ("When making a probable cause determination, police officers are entitled to rely on the allegations of fellow police officers." (internal quotation marks omitted)).  The existence of probable cause thus "does not turn on whether [Inspector Chow's] observations were accurate, but on whether [Officer Cunningham] was reasonable in relying on those observations."  *Bernard*, 25 F.3d at 103.  Here, there is nothing in the record to suggest that it was unreasonable for Officer Cunningham to rely on Inspector Chow's statements.  We therefore conclude that Officer Cunningham is entitled to qualified immunity as to the false-arrest claims.

He is also entitled to qualified immunity on the abuse-of-process claim, which is similarly premised on DuBois's assertion that Officer Cunningham lacked probable cause to arrest him.  *See Mangino v. Incorporated Village of Patchogue*, 808 F.3d 951, 958–59 (2d Cir. 2015) (noting the "considerable confusion within our Circuit regarding whether probable cause is a complete defense to a claim of abuse of process under New York law," but holding that the "very existence" of the confusion entitles an officer to qualified immunity from an abuse-of-process claim based on probable cause); *see also Shields v. City of New York*, 35 N.Y.S.3d 330, 331

9

(1st Dep't 2016) ("Since plaintiffs point to no evidence that defendants were motivated by some collateral objective, the existence of probable cause [to arrest] likewise constitutes a defense to plaintiffs' cause of action for abuse of process.").

Accordingly, we **REVERSE** the order of the district court insofar as it denied Officer Cunningham qualified immunity from the false-arrest and abuse-of-process claims, and **REMAND** with instructions to enter judgment in favor of Officer Cunningham on those claims.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
