Raimundo v Balaguera (2025 NY Slip Op 04263)

Raimundo v Balaguera

2025 NY Slip Op 04263

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2024-02504
 (Index No. 604265/22)

[*1]Lurbin Y. Raimundo, et al., respondents,
v
Jack Balaguera, etc., et al., appellants, et al., defendants.

Christopher J. Clayton, County Attorney, Hauppauge, NY (Stephanie N. Hill of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants Jack Balaguera, Paul Allicino, Betty Mallin, Daniel Fischer, Andrew Young, Patrick Boyles, and "Police Officer Dewitt" appeal from an order of the Supreme Court, Suffolk County (Frank A. Tinari, J.), dated January 8, 2024. The order denied those defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred and granted the plaintiffs' cross-motion to consolidate this action with an action entitled Raimundo v County of Suffolk, pending in the same court, under Index No. 606762/20.
ORDERED that the order is affirmed, without costs or disbursements.
On March 13, 2019, members of the Suffolk County Police Department executed a search warrant on a two-family home. The plaintiffs, Lurbin Y. Raimundo and Rudi Lucia Torres, who lived at the subject property, were not named in the search warrant. The plaintiffs were met at the property by masked members of the Suffolk County Police Department and allegedly were subjected to full strip searches and body cavity searches.
A timely notice of claim was served upon the County of Suffolk and the Suffolk County Police Department, and a timely action was commenced against the County in June 2020 (hereinafter the 2020 action). The plaintiffs commenced this action in March 2022 against, among others, the defendants Jack Balaguera, Paul Allicino, Betty Mallin, Daniel Fischer, Andrew Young, Patrick Boyles, and "Police Officer Dewitt" (hereinafter collectively the defendants). The defendants moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as barred by the statute of limitations of one year and 90 days pursuant to General Municipal Law § 50-i. The plaintiffs opposed the motion, relying upon, inter alia, the relation-back doctrine and the three-year statute of limitations for causes of action pursuant to 42 USC § 1983, and cross-moved to consolidate this action with the 2020 action. In an order dated January 8, 2024, the Supreme Court denied the defendants' motion and granted the plaintiffs' cross-motion. The defendants appeal.
Here, the plaintiffs alleged a violation of their constitutional rights based upon, among other things, the allowance of strip searches, which could be construed as a policy in violation of 42 USC § 1983 (see e.g. Huck v City of Newburgh, 275 AD2d 343). Further, in opposition to the [*2]defendants' prima facie showing that the common-law causes of action insofar as asserted against them were time-barred, the plaintiffs established that the relation-back doctrine was applicable (see Buran v Coupal, 87 NY2d 173, 178; Mignone v Nyack Hosp., 212 AD3d 802, 803; May v Buffalo MRI Partners, L.P., 151 AD3d 1657, 1659).
The defendants' remaining contentions are without merit.
Accordingly the Supreme Court properly denied the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred and granted the plaintiffs' cross-motion to consolidate this action with the 2020 action.
BARROS, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court